UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND AND TRAINING PROGRAM FUND, et al.,<br>Petitioners,<br><br>-against-<br><br>BEY'S SPECIALTY, INC.,<br>Respondent. | 1:22-cv-10768 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On December 21, 2022, Petitioners – Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (the "Funds"), Anna Gutsin in her fiduciary capacity as Director of the Funds, and Michael Prohaska as Business Manager of the Mason Tenders District Council of Greater New York (the "Union") (collectively, "Petitioners") – filed a Verified Petition under the Labor Management Relations Act of 1947 ("LMRA") to confirm an arbitration award entered on consent by impartial arbitrator Joseph A. Harris on December 22, 2021 against Bey's Specialty, Inc. ("Respondent"). *See* ECF Nos. 1 ("Pet."), 1-1, Exhibit A ("Consent Award"); *see also* ECF Nos. 10 ("Savci Decl."), 11 ("Br.").[1]  For the following reasons, the Petition is GRANTED.

## BACKGROUND

The following undisputed facts are principally taken from Petitioners' Verified Petition and the sworn attorney declaration of Haluk Savci.  *See* Pet.; Savci Decl.

---

[1] The Petition erroneously states the date of the Consent Award as "December 22, 2022."  Pet. at 2.  The Consent Award is in fact dated December 22, 2021.  Consent Award.

1

The Funds are employee benefit plans that provide "fringe benefits to eligible employees on whose behalf employers contribute . . . pursuant to collective bargaining agreements between employers in the building and construction industry and the [U]nion." Pet. ¶ 1. Anna Gutsin is Director of the Funds. *Id*. The Union is a labor organization. *Id*. ¶ 2. Michael Prohaska is the Union's Business Manager. *Id*. ¶ 3. Bey's Specialty, Inc. is a construction contractor. Savci Decl. ¶ 7.

The New York City Building and Construction Trades Council of Greater New York ("BCTC") entered project labor agreements with the New York City Department of Environmental Protection (the "NYC PLA") and the New York City School Construction Authority (the "SCA PLA"). Pet. ¶ 7; Savci Decl. ¶ 7. Respondent executed letters of assent, agreeing to be bound by the NYC PLA and the SCA PLA. Pet. ¶ 7; Savci Decl. ¶ 7. The Union, as a member of BCTC, is also a party to the agreements. Pet. ¶ 7; Savci Decl. ¶ 7. Both agreements, in turn, bound Respondent to an applicable collective bargaining agreement ("CBA") and trust agreements. Pet. ¶ 8; Savci Decl. ¶¶ 11-12; *see* ECF No. 10-1, Exhibit 2 at 38 (NYC PLA Art. 11 § 2(B)), 97-98 (SCA PLA Art. 11 § 2(B)).[2] Under these agreements, Respondent was required to make certain contributions and payments for covered employees with respect to project work. Pet. ¶ 8; Savci Decl. ¶¶ 3, 11.

If Respondent, as an employer, fails to make a required contribution or to provide its books and records for examination, the trust agreements grant the Funds the power to demand, collect, and receive employer contributions, including through arbitration. Pet. ¶¶ 13, 15; Savci Decl. ¶¶ 13-14; *see also* ECF No. 10-1, Exhibit 3 at 123 (excerpt of trust agreement Art. IX

---

[2] Page numbers for exhibits attached to ECF No. 10 refer to the ECF pagination, not the internal numbering of the documents.

§ 9.8). The trust agreements further provide that, in an action commenced by the Funds for unpaid contributions, Respondent shall pay to the Funds (i) unpaid contributions; (ii) interest on unpaid contributions at the rate prescribed by 26 U.S.C. § 6621; (iii) liquidated damages in an amount equal to the interest due; (iv) reasonable attorney's fees and costs for the action; and (v) such other legal or equitable relief as the court deems appropriate. Pet. ¶¶ 10, 14; Savci Decl. ¶¶ 15-16; *see* ECF No. 10-1, Exhibit 3 at 123-24 (Art. IX § 9.9).

Based on an examination of Respondent's books and records, the Funds' auditors determined that Respondent failed to pay certain benefits and contributions to the Funds under the NYC PLA, SCA PLA and trust agreements for the period October 30, 2017 through June 30, 2019. Pet. ¶ 16; Savci Decl. ¶ 8. The Funds also determined that Respondent failed to pay interest generated from late payments from April 1, 2015 through May 31, 2018. Pet. ¶ 16; Savci Decl. ¶ 8.

On February 5, 2021, under the terms of the governing agreements, the Funds served a notice and demand for arbitration on Respondent by certified mail. Savci Decl. ¶ 19. Impartial arbitrator Joseph A. Harris (the "Arbitrator") scheduled a hearing for March 4, 2021. *Id*. The Funds subsequently filed an amended demand for arbitration. *Id*. At Respondent's request, the Arbitrator adjourned the hearing to November 22, 2021, and the Arbitrator adjourned the hearing again to December 15, 2021. *Id*.; *see also* Pet. ¶ 17.[3] In advance of the December 15, 2021 hearing, the Funds submitted to Respondent a copy of the Funds' auditors' reports, detailing the amounts due in contributions, interest, and audit costs. Savci Decl. ¶ 19.

---

[3] The Petition states that the arbitration was adjourned to, and occurred on, December 6, 2021. Pet. ¶¶ 17-18. However, the declaration of Haluk Savci states that the arbitration took place on December 15, 2021, *see* Savci Decl. ¶ 19, and that date is confirmed by the Consent Award, which states that the arbitration in fact occurred on December 15, 2021. Consent Award.

3

On December 15, 2021, the parties appeared for arbitration before the Arbitrator. *See* Consent Award. Anna Kougentakis, Respondent's Vice-President, appeared for Respondent. Savci Decl. ¶¶ 7, 20; Consent Award. The Funds submitted evidence showing that, for the period from October 30, 2017 through June 30, 2019, Respondent owed $19,184.22 in delinquent fringe benefits, $1,365.95 in dues and political action committee contributions, $2,910.24 in interest, and $2,685.79 in audit fees for the books and records examination. Pet. ¶ 18; Savci Decl. ¶¶ 19; *see* ECF No. 10-1, Exhibit 7. The Funds also submitted evidence that Respondent owed $10,640.03 in interest generated from late payments. Pet. ¶ 18; Savci Decl. ¶¶ 20. Respondent "did not dispute any of the Fund[s]' claims or evidence presented at the hearing." Pet. ¶ 18.

On December 22, 2021, the Arbitrator issued a Consent Award to which Respondent and the Funds agreed. Pet. ¶ 19; Consent Award. In the Consent Award, Respondent "agree[d] to pay $36,786.23 by April 1, 2022" to the Funds in "fulfillment . . . [of] all the claims against [Respondent] that are listed in the Funds' and the Union's Amended Notice of Intention to Arbitrate dated October 26, 2021." Consent Award. The Arbitrator sent the Consent Award to Respondent and the Funds. *Id*. Respondent has not paid the Consent Award since it was issued. Pet. ¶ 21.

Petitioners filed the present Petition to confirm the Consent Award on December 21, 2022. *See generally* Pet. On January 3, 2023, the Court issued an Order stating that the Petition to confirm the arbitration award would be treated as a motion for summary judgment and set down a briefing schedule, requiring Petitioner to file any additional supporting papers by January 19, 2023 and Respondent to file any opposition by February 2, 2023. ECF No. 6. Respondent was served with the Petition on January 17, 2023. *See* ECF No. 8. On January 19, 2023, the

Court extended the briefing schedule so that Petitioners' submission was due on February 2, 2023 and Respondent's opposition was due on February 16, 2023. ECF No. 9. On January 23, 2023, Petitioner served the Court's January 19, 2023 Order on Respondent. ECF No. 13. Petitioner filed a memorandum of law and other supporting documents on February 2, 2023 and served the documents on Respondent the same day. *See* ECF Nos. 10-12. To date, Respondent has not responded to the Petition or otherwise sought relief from the Consent Award.

## DISCUSSION

### I. Standard of Review

The Court's review of an arbitration award is "narrowly circumscribed and highly deferential – indeed, among the most deferential in the law." *NFL Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys F"R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). An award should be confirmed as long as the arbitrator is "arguably construing or applying the contract and acting within the scope of his [or her] authority . . . ." *NFL Mgmt. Council*, 820 F.3d at 532 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Emps. Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)).

Notwithstanding this deferential standard, and the fact that this Petition is unopposed, the Court must still examine the record as it would in the context of a motion for summary judgment.

*See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding that "the petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions"). The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id*. at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co*., 373 F.3d 241, 244 (2d Cir. 2004)).

## II. Confirmation of the Arbitration Award

Petitioner timely filed the Petition to confirm the December 22, 2021 arbitration Consent Award as it was filed within one year of the award. *See* Award; *see* Pet.; *see also Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). Respondent chose not to appear or dispute the Petition, after having been provided sufficient notice and time to respond. After review of the Verified Petition, sworn attorney declaration of Haluk Savci, and supporting exhibits, the Court finds that there is no genuine issue of material fact in dispute precluding summary judgment for Petitioners. Petitioners attest, and Respondent has not disputed, that Respondent was bound by the project labor agreements and other governing agreements to provide payments to the Funds, and that the agreements provided for arbitration of disputes regarding the foregoing. Pet. ¶¶ 8, 13, 15; Savci Decl. ¶¶ 3, 11, 13-14; *see also* ECF No. 10-1, Exhibit 3. Respondent appeared at the arbitration and agreed to the Consent Award. *See* Consent Award; Pet. ¶¶ 18-19. Based on the record presented, there is more than a "colorable justification" for the Consent Award. Therefore, the Court confirms the Consent Award in favor of Petitioners.

## CONCLUSION

For the reasons stated above, the Court grants Petitioners' unopposed Petition to confirm the Consent Award. Judgment is entered in favor of Petitioners and against Respondent as follows:

(a) The arbitration Award dated December 22, 2021 is confirmed;

(b) Respondent is ordered to pay Petitioners a total of $36,783.23 pursuant to the terms of the Consent Award; and

(c) Respondent is ordered to pay Petitioners post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a).

Dated: April 20, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge